**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4937**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

OSWALD MILES, JR.,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:10-cr-00382-FL-1)

Submitted:  June 15, 2015    Decided:  July 6, 2015

Before NIEMEYER, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Seth M. Wood, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oswald Miles, Jr., appeals the 24-month sentence imposed following the revocation of his term of supervised release. On appeal, Miles argues that his sentence was plainly unreasonable, both procedurally and substantively. Finding no error,[*] we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and not plainly unreasonable." United States v. Crudup, 461 F.3d 433, 440 (4th Cir. 2006). We first consider whether the sentence imposed is procedurally and substantively unreasonable, applying the same general considerations we employ in our review of original criminal sentences. Id. at 438. In this initial inquiry, we take a "more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Only if we find the sentence

---

[*] The Government argues that Miles' challenges to the procedural reasonableness of his sentence should be reviewed for plain error. We conclude that Miles adequately preserved his challenge to the court's explanation for his sentence. See United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010).

unreasonable will we consider whether it is "plainly" so.  Id. at 657.

A supervised release revocation sentence is procedurally reasonable if the district court considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable to revocation sentences.  Crudup, 461 F.3d at 439.  The district court also must provide a statement of reasons for the sentence imposed, but that explanation "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence."  United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted).

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2010) (revocation table).  According to the statutory authority governing supervised release revocation, see 18 U.S.C. § 3583(e) (2012), the court also must consider some factors enumerated under 18 U.S.C. § 3553(a), although not the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the

3

offense," 18 U.S.C. § 3553(a)(2)(A). See 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 439. These omitted factors, however, "are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." Webb, 738 F.3d at 641. Thus, although the court may not impose a revocation sentence "predominately" on the § 3553(a)(2)(A) factors, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." Id.

A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. In reviewing a departure or variance from the policy statement range, this court considers "whether the sentencing court acted reasonably, both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Washington, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted).

Miles argues that the district court committed procedural error when it imposed an upward variance in order to promote respect for the law and to account for the seriousness of his offense conduct. He also challenges the substantive

4

reasonableness of his sentence, arguing that the court's explanation of the sentence failed to justify its 100% departure above the top of the applicable policy statement range.

In its statements throughout the hearing, the court recognized, and expressed concern for, Miles' continued poor decision-making and pattern of criminal and assaultive behavior, his numerous and varied violations of his release conditions, and his failure to learn from his mistakes and to be deterred by his prior prison sentences. The court's comments reveal that it focused primarily on appropriate sentencing considerations, including the nature and circumstances of the violations, Miles' history and characteristics, and the need for deterrence and to protect the public. See 18 U.S.C. §§ 3553(a)(1), (2)(B), (C), 3583(e). The court specifically characterized Miles' conduct as a significant breach of trust. See USSG ch. 7, pt. A(3)(b).

Although the court briefly stated that the sentence would serve to promote respect for the law, this statement is the sort of "mere reference" that we found permissible in Webb. See 738 F.3d at 642. Moreover, the district court's statement that Miles "presented a great danger and a great risk" was not specifically directed to the seriousness of Miles' offense, but to his history of undeterred criminal behavior and poor decision-making and his failure to comply in a meaningful way with the conditions of his supervised release. We find these

5

considerations adequate to support the court's decision to vary upward, and we discern no procedural or substantive unreasonableness in Miles' sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>